1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN PAUL MARKS,              )
                               )
            Petitioner,        )         3: 07-cv-00048-ECR-VPC
                               )
vs.                            )
                               )         **ORDER**
DIRECTOR NEVADA DEPARTMENT     )
OF CORRECTIONS, *et al.,*      )
                               )
            Respondents.       )
_____/

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The case is now before the court for adjudication on the merits.

On October 14, 2005, a judgment of conviction was filed in the Nevada Eighth Judicial District Court pursuant to a guilty plea, adjudging petitioner guilty of count 1 – conspiracy to commit robbery; count 2 – robbery with use of a deadly weapon; count 3 – conspiracy to commit robbery; count 4 – robbery with use of a deadly weapon; and count 5 – possession of firearm by ex-felon. (Docket #11 - 5, Exhibit K.)  The court sentenced petitioner under the large habitual criminal statute to serve, as to all counts, one sentence of a minimum of ten years and a maximum of twenty-five years. *Id*. Petitioner did not file a direct appeal from his judgment of conviction.

1          On January 27, 2006, petitioner filed a post-conviction petition for writ of habeas

2    corpus in the Eighth Judicial District Court.  (Docket 11-5, Exhibit L.)  Petitioner filed supplements

3    to his petition on March 23, 2006, and May 18, 2006, adding a total of eight additional claims.

4    (Docket # 11-5, Exhibit M; Docket #11-6, Exhibit P.)  The court denied the petition pursuant to its

5    findings of fact, conclusions of law and order entered June 19, 2006.    (Docket #11-7, Exhibit S.)

6    Petitioner appealed to the Nevada Supreme Court.  (Docket #11-7, Exhibit T.)  On January 10, 2007,

7    the Nevada Supreme Court filed an order of affirmance and limited remand for correction of

8    judgment of conviction.  (Docket #11-9, Exhibit V.)   In that order, the Nevada Supreme Court

9    denied all of petitioner's claims for relief.  The Nevada Supreme Court did, however, note an error in

10   the judgment of conviction and remanded the matter to the district court to impose a separate

11   sentence for each count of which petitioner had been convicted, but to run those terms concurrently

12   to reflect the intent of the sentencing court. *Id*  Following remand, the Eighth Judicial District Court

13   entered an amended judgment of conviction on January 29, 2007.  (Docket #11-9, Exhibit W.)

14         Petitioner filed the instant petition for writ of habeas corpus in this court on January

15   31, 2007.  (Docket #2.)  Respondents filed an answer on August 27, 2007, to which petitioner filed a

16   reply on March 12, 2008.  (Docket #10, #16.)

17                                       **LEGAL STANDARDS**

18         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

19   Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

20   enactment.  *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.

21   1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard*

22   *v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997),

23   *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding

24   AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after

25   the enactment of the AEDPA, thus it is governed by its provisions.

26         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a State court only on the ground that he is in custody in violation

2  of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3  The AEDPA altered the standard of review that a federal habeas court must apply

4  with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v.*

5  *Taylor*, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

6  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

7  involved an unreasonable application of, clearly established Federal law, as determined by the

8  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

9  determination of the facts in light of the evidence presented in the State Court proceeding." 28

10  U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

11  Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120

12  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

13  concludes in its independent judgment that the relevant state-court decision applied clearly

14  established federal law erroneously or incorrectly."  *Lockyer*, at 1174 (citations omitted).  "Rather,

15  that application must be objectively unreasonable."  Id. (citations omitted).

16  While habeas corpus relief is an important instrument to assure that individuals are

17  constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

18  *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

19  conviction is the primary method for a petitioner to challenge that conviction.  *Brecht v.*

20  *Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

21  determinations must be presumed correct, and the federal court must accept all factual findings made

22  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

23  convincing evidence."  28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769

24  (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380,

25  1388 (9th Cir. 1997).

26  //

**DISCUSSION**

Ground One

In ground one, petitioner contends that he was deprived of his sixth amendment right to effective assistance of counsel. Petitioner claims that counsel was ineffective because he coerced petitioner into waiving his speedy trial rights, because he "hammered" petitioner into pleading guilty and stipulating to the habitual criminal statute, and by failing to present petitioner's defense of actual innocence. Respondents dispute these claims.

In addressing petitioner's claims in the order affirming the Eighth Judicial District Court's denial of petitioner's post-conviction petition for writ of habeas corpus, the Nevada Supreme Court held as follows:

> First, appellant claimed that his trial counsel was ineffective because he coerced him into waiving his right to a speedy trial. Appellant failed to indicate how the waiver of the right to speedy trial impacted his decision to enter a guilty plea, and thus, the district court did not err in denying this claim.
>
> Second, appellant claimed that his trial counsel was ineffective for allowing appellant to enter a guilty plea when he knew that appellant was totally innocent. Appellant claimed that he was only a passenger in the car and had no involvement in the robberies. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. A factual basis for the plea was established during the plea canvass when appellant admitted the facts of the crimes. Therefore, we conclude that the district court did not err in denying this claim.
>
> Third, appellant claimed that his trial counsel was ineffective because he failed to read the guilty plea agreement to appellant and appellant could not read or write. Appellant failed to demonstrate that he was prejudiced. The district court personally canvassed appellant about the nature of the charges, the elements of the offenses, the potential maximum penalties, the waiver of constitutional rights, and the voluntariness of the plea. Appellant failed to demonstrate that trial counsel's failure to read him the guilty plea agreement would have altered his decision to enter a guilty plea in the instant case. Appellant received a substantial benefit as he avoided multiple life sentences when he agreed to imprisonment for a term of ten to twenty-five years. Therefore, we conclude that the district court did not err in denying this claim.
>
> Fourth, appellant claimed that his trial counsel coerced his guilty plea. Appellant claimed that his trial counsel "hammered" him into pleading guilty. Appellant failed to demonstrate that his trial counsel was ineffective in this regard. Trial counsel's candid advice about the maximum potential penalties and the likelihood of success at trial is not deficient. Appellant acknowledged during the plea canvass that he was not forced into entering a guilty plea and his plea was not the product of a threat. As discussed above, appellant received a substantial benefit by entry of his plea. Therefore, we conclude that the district court did not err in denying this claim.

1   (Docket #11-9, Exhibit V, p. 5 - 6.)

2          The claim of ineffective assistance of counsel is based on the sixth amendment right

3   to counsel, which exists "in order to protect the fundamental right to a fair trial." *Lockhart v.*

4   *Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)(quoting *Strickland v.*

5   *Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective

6   assistance must meet the two-part test advanced by the *Strickland* court. First, petitioner must show

7   that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

8   defendant by the Sixth Amendment.  Second, [petitioner] must show that the deficient performance

9   prejudiced the defense. " *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.  This two-part standard also

10  applies to challenges to guilty pleas based in ineffective assistance of counsel.  In the context of a

11  guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent

12  advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have

13  pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106

14  S.Ct. 366 (1985).

15         Ineffective assistance of counsel claims are analyzed under the "unreasonable

16  application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000).  *Weighall v. Middle*, 215 F.3d 1058,

17  1062 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ

18  if the state court identifies the correct governing legal principle from [United States Supreme Court]

19  decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529

20  U.S. at 413.  The habeas corpus applicant bears the burden to show that the state court applied

21  United States Supreme Court precedent in an objectively unreasonable manner.  *Price v. Vincent*,

22  538 U.S. 634, 640 (2003).

23         After reviewing petitioner's arguments, this court finds that petitioner has not carried

24  his burden of demonstrating that the Nevada Supreme Court applied *Strickland* or any other United

25  States Supreme Court precedent in an objectively unreasonable manner in regard to his

26  ineffectiveness of counsel claim.  To the contrary, the Nevada Supreme Court's application of the

*Strickland* standard to the facts of petitioner's case is clearly quite reasonable.  The court therefore

concludes that ground one presents no basis for habeas corpus relief.

Ground Two

In ground two petitioner contends that his guilty plea was involuntary because the

judge coerced him into pleading guilty.  Specifically, petitioner claims that the judge threatened him

by stating, "I just sentenced a woman in a wheelchair to life without, what do you think I'm going to

give you?"  Respondents dispute this contention.

In addressing petitioner's claims in the order affirming the Eighth Judicial District

Court's denial of petitioner's post-conviction petition for writ of habeas corpus, the Nevada Supreme

Court held as follows:

> Third, appellant claimed that his guilty plea was not entered voluntarily as it
> was the product of coercion.  Appellant claimed that the district court coerced his
> guilty plea by stating, "I gave a lady in a wheel chair life without, so what do you
> think I'm going to give you?"  Appellant claimed that this statement bullied him into
> entering a guilty plea.
>    Where a district court's conduct is improperly coercive, the courts will
> consider affording a defendant an opportunity to withdraw the plea. [Footnote
> omitted.]   In Standley [115 Nev. 333, 338, 990 P.2d 783, 785 (1999)], this court
> determined that the district court convinced the defendant to accept the plea offer
> through a lengthy exposition and comment on the plea offer that evinced an
> unmistakable desire that appellant accept the offer and repeated references to the
> district court's prior experience as a defense attorney representing clients in similar
> circumstances. [Footnote omitted.]
>    Appellant failed to demonstrate that the district court's conduct was
> improperly coercive in the instant case.  The transcript of the plea canvass does not
> maintain the statement that appellant attributed to the district court.  A review of the
> record indicates that the district court conducted a lengthy canvass about the potential
> maximum penalties appellant faced and informed appellant that a minimum penalty
> of five years would not be considered under any circumstances because of appellant's
> criminal record and the crimes in the instant case.  Although the district court
> referenced a prior sentencing decision of another defendant, the record indicates that
> appellant was not influenced by this statement as appellant insisted upon going to trial
> when he learned about the potential maximum penalties.  It appears from the record
> that appellant changed his mind about the plea offer during the lunch recess when he
> discussed the matter with his attorney.  After the lunch recess, appellant indicated that
> he did not wish to dispute the charges and wished to enter a guilty plea to the charged
> offenses with the agreement that he receive a sentence of ten to twenty-five years.
> The district court informed appellant that she would commit herself to that agreement.
> Appellant then affirmatively acknowledged that he was not forced into entering his
> guilty plea and his guilty plea was not the product of any threats.  Under these facts,
> we conclude that the district court did not err in denying this claim.

6

1  (Docket #11-9, Exhibit V, p. 3-4.)

2        A plea of guilty is constitutionally valid only to the extent it is "voluntary" and
3  "intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970).  In determining whether a plea was
4  knowingly, voluntarily and intelligently made, a reviewing court must accord a strong presumption
5  of verity to the declarations made by a defendant in open court.  *Blackledge v. Allison*, 431 U.S. 63,
6  74 (1977).  "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea]
7  hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier
8  in any subsequent collateral proceedings." *Id*. at 73-74. Furthermore, the petitioner's allegations of a
9  coerced plea must be specific and point to a real possibility of a constitutional violation.
10  "[S]ubsequent presentation of conclusory allegations unsupported by specifics is subject to summary
11  dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74, *citing*
12  *Machibroda v. United States*, 368 U.S. 487, 495-496 (1962); *Price v. Johnston*, 334 U.S. 266,
13  286-287 (1948).

14        As set forth above, under 28 U.S.C. § 2254(e)(1), this court must presume that the
15  Nevada Supreme Court's factual determinations are correct, and  must accept all factual findings
16  made by the Nevada Supreme Court unless petitioner can rebut "the presumption of correctness by
17  clear and convincing evidence."   This court finds that petitioner has in no way demonstrated that the
18  Nevada Supreme Court's factual determinations regarding the entry of his plea are incorrect.   The
19  court therefore further finds that petitioner has failed to carry his burden of demonstrating that the
20  Nevada Supreme Court's adjudication of the claim "resulted in a decision that was contrary to, or
21  involved an unreasonable application of, clearly established Federal law, as determined by the
22  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
23  determination of the facts in light of the evidence presented in the State Court proceeding." 28
24  U.S.C. § 2254(d).   Accordingly, the court concludes that this ground presents no basis for habeas
25  corpus relief.
26  //

7

Ground Three

In ground three, petitioner contends that his first, sixth and fourteenth amendment rights to a direct appeal and to effective assistance of counsel were violated because his trial counsel failed to file his requested appeal. Respondents dispute this contention.

In addressing petitioner's claims in the order affirming the Eighth Judicial District Court's denial of petitioner's post-conviction petition for writ of habeas corpus, the Nevada Supreme Court held as follows:

> Fifth, appellant claimed that his trial counsel was ineffective for failing to file an appeal despite being requested to do so, failing to investigate case facts, failing to interview key witnesses, failing to advise appellant about defense strategy, and failing to prepare for trial. Appellant failed to provide any specific facts in support of these claims, and thus, appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. [Footnote omitted.] Notably, appellant failed to indicate that his request for counsel to file an appeal was made within the statutory time period for filing a direct appeal. Trial counsel would not be ineffective if he failed to file a direct appeal when the request was made after the statutory time period for filing a direct appeal. Therefore, we conclude that the district court did not err in denying these claims.

(Docket #11-9, Exhibit V, p. 6-7.)

The *Strickland* test applies to claims that counsel failed to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Supreme Court has rejected a bright line rule that counsel's failure to file a notice of appeal without the defendant's consent is *per se* deficient. *Id.* at 478. Rather, the Court determined that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to believe that either (1) that a rational defendant would want to appeal, or (2) that the particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480. In making this determination, the court must take into consideration all the information counsel knew or should have known. *Id.* A highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea. *Id.* As the Court explained, "a guilty plea reduces the scope of potentially appealable issues and ... such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence

8

bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id*.

If the petitioner cannot demonstrate that, but for counsel's deficient performance, "there is a reasonable probability" that he would have timely appealed, he is not entitled to relief. *Id*. at 484.  Evidence that there were non-frivolous grounds for appeal or that the defendant "promptly expressed a desire to appeal" will be highly relevant in making this determination. Id. at 485. However, a petitioner need not pinpoint the arguments he would have raised, nor must he show that he likely would have prevailed on appeal. *Id*. at 486.

As with the prior contention, the court finds that petitioner has not carried his burden of overcoming the presumption that the Nevada Supreme Court's factual findings are correct.  The court therefore presumes that the factual findings are correct, and finds that petitioner has failed to carry his burden of demonstrating that the Nevada Supreme Court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   Accordingly, the court concludes that this ground presents no basis for habeas corpus relief.

Grounds Four, Five and Six

In ground four, petitioner contends that his fourteenth amendment right to due process was violated because he was convicted of both conspiracy to commit robbery and robbery with the use of a deadly weapon.   Petitioner argues that it is a necessary element of robbery to conspire to do so and that it was not proven that a coconspirator was included in this alleged conspiracy. Respondents dispute this contention.

In ground five, petitioner contends that his fourteenth amendment right to due process and the fifth amendment double jeopardy clause were violated when he was subjected to a sentencing enhancement for ex-felon in possession of a firearm and also to a sentencing

enhancement as a habitual criminal.  In ground six, petitioner contends that he was deprived of his fourteenth amendment right to due process because the state did not prove that he was represented by counsel in his prior criminal convictions and also failed to submit certified copies of his prior convictions.  Respondents dispute these contentions.

In addressing petitioner's contentions in the order affirming the Eighth Judicial District Court's denial of petitioner's post-conviction petition for writ of habeas corpus, the Nevada Supreme Court held as follows:

> Next, appellant claimed that the district court erroneously denied a motion to dismiss counsel and request for additional time to retain counsel, he could not be convicted of both robbery and conspiracy to commit robbery, the ex-felon charge could not be enhanced, and the State failed to present certified copies of the prior convictions.  These claims fell outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based on a guilty plea. [Footnote 11.]
>
> Footnote 11: NRS 34.810(1)(a) ["The court shall dismiss a petition if the court determines that:(a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel."]

(Docket #11-9, Exhibit V, p. 7.)

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

1   *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural

2   default doctrine ensures that the state's interest in correcting its own mistakes is respected in all

3   federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

4          To demonstrate cause for a procedural default, the petitioner must be able to "show

5   that some *objective factor external to the defense* impeded" his efforts to comply with the state

6   procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external

7   impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499

8   U.S. 467, 497 (1991).

9              With respect to the prejudice prong of cause and prejudice, the petitioner bears:
               the burden of showing not merely that the errors [complained of]
10             constituted a possibility of prejudice, but that they worked to his actual
               and substantial disadvantage, infecting his entire [proceeding] with
11             errors of constitutional dimension.

12   *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

13   (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner

14   suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

15   528, 530 n.3 (9th Cir. 1988).

16          In addition, a petitioner can avoid the application of the procedural default doctrine by

17   demonstrating that the federal court's failure to consider his claims will result in a fundamental

18   miscarriage of justice.  To prove a "fundamental miscarriage of justice," petitioner must show that

19   the constitutional error of which he complains "has probably resulted in the conviction of one who is

20   actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*,

21   477 U.S. at 496).

22          In affirming the decision of the district court denying ground one of the petition for

23   writ of habeas corpus, the Nevada Supreme Court cited ,NRS 34.810(1)(b)(2).  The Ninth Circuit

24   Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue

25   in this case -- NRS 34.810 -- is an independent and adequate state ground.  *Vang v. Nevada*, 329

26   F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir.

1    1999).  The court therefore finds, in regard to grounds four, five and six, that the Nevada Supreme

2    Court disposed of these grounds on independent and adequate state procedural grounds.

3          The court finds that any attempt by petitioner to show cause and prejudice so as to

4    avoid application of the procedural default doctrine to these grounds for relief would be based on a

5    claim of ineffective assistance of counsel for failure to file petitioner's appeal.   The court has

6    rejected that claim above in ground three.   The court further finds that in light of petitioner's factual

7    admissions in connection with the entry of his guilty plea, any attempt to show a fundamental

8    miscarriage of justice would be futile.  Accordingly, the court concludes that grounds for relief four,

9    five and six are procedurally barred and will dismiss them on that basis.

10   <u>Ground Seven</u>

11         In ground seven, petitioner alleges that he was subjected to double jeopardy in

12   violation of the fourteenth and fifth amendments when the Nevada Supreme Court altered his

13   judgment of conviction by adding four additional concurrent habitual criminal terms to his sentence.

14   Petitioner argues, "I cannot be five (5) habitual criminals, I can only be one (1)."  Petitioner admits

15   that this ground for relief is unexhausted.  Respondents do not waive exhaustion but argue that the

16   court should deny the claim on the merits.

17         "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the

18   failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. §

19   2254(b)(2).  The United States Supreme Court has established that recidivist statutes which enhance

20   punishment based upon a prior conviction do not violate the double jeopardy clause. *Monge v.*

21   *California*, 524 U.S. 721, 727-78, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).  The court therefore

22   finds petitioner's double jeopardy claim to be meritless and to provide no basis for habeas corpus

23   relief.

24         **IT IS THEREFORE ORDERED** that grounds four, five and six are **DISMISSED**

25   with prejudice as procedurally barred.

26         **IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is

12

1  **DENIED.**   The Clerk is directed to enter judgment for respondents and to close this case.

2

3

4

5          DATED this 13th day of October, 2009.

6

7                              _Edward C. Reed._

8                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

13